IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**FREDERICK BANKS,**

    **Petitioner,**

v.                                           **Civil Action No. 1:20cv243**
                                                      **(Judge Kleeh)**

**ANTONELLI, Warden, USP Hazelton;**
**FEDERAL BUREAU OF PRISONS;**
**and CENTRAL INTELLIGENCE AGENCY,**

    **Respondents**.

## REPORT AND RECOMMENDATION

### I. Introduction

On October 16, 2020, the *pro se* petitioner, Frederick Banks ("Banks") an inmate then-incarcerated at USP Hazelton[1] in Bruceton Mills, West Virginia, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. With his petition, Banks filed a motion to proceed as a pauper and a copy of his Prisoner Trust Account Report without attaching a copy of its Ledger Sheets. ECF Nos. 2, 3. The Clerk of Court issued a Notice of Deficient Pleading. ECF No. 5. Because Petitioner failed to timely respond, on November 10, 2020, a Show Cause Order was issued, advising Petitioner that his case would be dismissed within 14 days if he did not respond or correct his deficiencies. ECF No. 7. On November 23, 2020, presumably in error, Petitioner filed a motion to reopen the case; the motion was dismissed as moot by Order entered November 24, 2020. ECF Nos. 10, 11. On November 30, 2020, Petitioner filed a response to the Show Cause Order. ECF No. 12. By Order entered December 1, 2020, Petitioner was granted permission to proceed as a pauper and the filing fee was waived. ECF No. 13.

---

[1] Petitioner has since been transferred to FCI Oakdale in Oakdale, Louisiana.

This matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.

## II. The Petition

The petitioner is raising conditions of confinement claims. He alleges that his due process rights have been violated because he was denied access to a law library or "persons trained in the law," and that the Respondents' failure to provide him the same has impeded his ability to file a direct appeal, and to prepare and perfect a motion to vacate under 28 U.S.C. § 2255, to obtain an earlier release from prison.[2]  ECF No. 1 at 5.

It is unclear whether Petitioner has exhausted his administrative grievances regarding his claims. Id. at 7 – 8.

As relief, Petitioner requests injunctive relief: to be discharged from custody and that the respondents be directed to provide "Unit B1" with a law library or persons trained in the law. Id. at 8.

## III. Standard of Review

**A. Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening the petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District

---

[2] A review of the docket in Petitioner's underlying criminal case, Case No. 2:15cr168-MRH-1 in the United States District Court for the Western District of Pennsylvania, indicates that Petitioner currently has both a direct appeal and a § 2255 motion pending, filed on February 5, 2020, and July 6, 2020, respectively.

Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

B. Pro Se Litigants

As a *pro se* litigant, the petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (*per curiam*). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of the respondents.

## IV. Analysis

A § 2241 petition is used to attack the way a sentence is executed. See 28 U.S.C. § 2241. More specifically, a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment beyond the expiration of a sentence." Anderson v. Pettiford, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted). Therefore, to determine whether § 2241 is the appropriate remedy in this case, the Court must review whether the petitioner challenges the fact or duration of her confinement, or the conditions of her confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

Here, the petitioner does not attack the execution of his sentence. Instead, he alleges that the he has been denied access to a law library. His claims are not in any way related to the execution of a sentence but instead relate solely to the conditions of his confinement. Petitioner's claims do not impact the fact or duration of his confinement. Therefore, the petitioner's claims should have been raised pursuant to a civil rights complaint. Preiser, 411 U.S. at 499 - 500 (a civil rights action is a proper remedy for a prisoner challenging the conditions of his prison life); see also Wilkinson v. Dodson, 544 U.S. 74, 82 (2005) (remedy lies in a habeas corpus only if success necessarily demonstrates the invalidity of confinement or its duration).

### IV. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that Banks' petition [ECF No. 1] be **DENIED** and **DISMISSED without prejudice** to his right to file a Bivens action.

Further, the undersigned **RECOMMENDS** that the Clerk of Court be directed to send Petitioner a Court-approved form Bivens packet, should Petitioner wish to proceed with his claims in a civil rights action.

**Within fourteen days** after service of this Report and Recommendation, the petitioner may file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of**

**Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: December 2, 2020

/s/ *Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE