IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Clarksburg

**FREDERICK BANKS,**

Petitioner,

v.

**CIVIL ACTION No. 1:20-CV-243**
Judge Bailey

**ANTONELLI,** Warden, USP Hazelton,
**FEDERAL BUREAU OF PRISON,** and
**CENTRAL INTELLIGENCE AGENCY,**

Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Aloi [Doc. 14].   Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and a recommendation ("R&R").   Magistrate Judge Aloi filed his R&R on December 2, 2020, wherein he recommends that petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice with his right to file a ***Bivens*** action.   For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

In his petition, petitioner raises conditions of confinement claims.   He alleges that his due process rights have been violated because he was denied access to a law library or "persons trained in the law" and that failure to provide him legal counsel has impeded his ability to file a direct appeal, prepare a § 2255 motion, or obtain an earlier release from prison.

1

For relief, petition requests that he be discharged from custody because of the due process violations and order or recommend that respondents provide Unit B1 with a law library or persons trained in the law along with all other warranted relief.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil

Procedure.  Petitioner filed his objections [Doc. 17] on January 4, 2021.  Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review.  The remainder of the R&R will be reviewed for clear error.

## III. DISCUSSION

### A.    Objections to R&R

In the R&R, Magistrate Judge Aloi found that the petition should be denied and dismissed without prejudice because he does not attack the execution of his sentence. Magistrate Judge Aloi found that petitioner's allegations that he had been denied access to a law library "are not in any way related to the execution of a sentence but instead [are] relate[d] solely to the conditions of his confinement."  *See* [Doc. 14 at 4].

Petitioner filed his objections on January 4, 2021.  *See* [Doc. 17].  Therein, petitioner asserts that his claims "do indeed impact the fact and duration of his confinement because [he] as the right to a law library or persons trained in the law to prepare claims and assist counsel in his direct criminal appeal and to prepare claims for his 2255."  *See* [Id. at 1]. Petitioner asserts that the magistrate judge erred as a matter of law and fact.  Petitioner is ultimately arguing that a § 2241 can challenge conditions of confinement.  For relief, petitioner requests this Court to vacate the R&R, grant his habeas corpus petition, and discharge him from custody.

As Magistrate Judge Aloi stated, a § 2241 petition is used to attack the way a sentence is executed and is appropriate where a prisoner challenges the fact or length of his confinement, but not the conditions of that confinement.  In his objections, petitioner attempts to argue that a § 2241 can challenge the conditions of his confinement; however,

this is incorrect.  *See **Anderson v. Pettiford***, 2007 WL 15777676 (D.S.C. May 31, 2007) (examples of an appropriate § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment beyond the expiration of a sentence.").  Petitioner does not challenge, and provides no objection to, the execution of his sentence.  Thus, it appearing to this Court that petitioner's objections contain no actual legal objection to Magistrate Judge Aloi's R&R, this Court will adopt the R&R and overrule petitioner's objections.

### IV. CONCLUSION

A *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  Accordingly, the magistrate judge's report and recommendation [**Doc. 14**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report, and petitioner's Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**Doc. 1**] is hereby **DENIED AND DISMISSED WITHOUT PREJUDICE** to his right to file a ***Bivens*** action.  Petitioner's objections [**Doc. 17**] are hereby **OVERRULED**.  This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondents and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: October ___, 2021.

JOHN PRESTON BAILEY
**UNITED STATES DISTRICT JUDGE**

5